In re Petition for DISCIPLINARY AC-
TION AGAINST Donald A. WHEAT, an
Attorney at Law of the State of Minne-
sota.

No. C2–94–1127.

Supreme Court of Minnesota.

Jan. 8, 1998.

Candice Hojan, Senior Assistant Director,
Office of Lawyers Professional Responsibili-
ty, St. Paul, for Director.

Donald A. Wheat, Burnsville, pro se.

OPINION

PER CURIAM.

The Director of the Office of Lawyers Pro-
fessional Responsibility filed with this court a
petition alleging professional misconduct by
Donald A. Wheat and requesting the revoca-
tion of Wheat's supervised probation. After
filing the initial petition, the director filed
three supplemental petitions listing addition-
al allegations of professional misconduct by
Wheat. The allegations of misconduct in-
volve more than 12 client matters and assert
that Wheat falsely notarized documents,
failed to communicate adequately with
clients, failed to act diligently in pursuing
client matters, took funds from clients but
failed to do the legal work, helped a client to
shield income from the court, committed nu-
merous trust account violations, made mis-
representations to the director, relocated his
law office without notifying the director or
his clients, and failed to cooperate with the
director in the investigation of these matters.

The director alleges that Wheat's miscon-
duct has resulted in harm to his clients. In
one matter, the director alleges that the
court dismissed a client's case because of
Wheat's failure to act diligently. In another
matter, the director alleges that the court
entered judgment of $10,000 and awarded
$5,475 in attorney fees against Wheat's
clients because of Wheat's alleged failure to
respond to multiple discovery requests.
Wheat has not filed an answer to the final
two supplementary petitions that contained
these allegations.

On September 5, 1997, the director filed a
petition for the temporary suspension of
Wheat under Rule 16(a), Rules on Lawyers
Professional Responsibility. This court then
issued an order for Wheat to appear to show
cause why he should not be immediately
suspended from the practice of law during
the disciplinary proceedings. Wheat has not
filed an answer to the petition for temporary
suspension. Wheat did send a letter to the
director on August 29, 1997, stating that he
was going to "surrender [his] license to the
Board and terminate [his] law practice." On
December 1, 1997, this court held a hearing
on the director's petition under Rule 16,
RLPR. Wheat did not attend. The director
attended the hearing and informed this court
that Wheat has not turned in his license and
the director's office has been unable to locate
him.

If an attorney does not file an answer to a
petition for temporary suspension within 20
days, the allegations in the petition are
deemed admitted, and this court may sus-

pend that attorney pending final determination of the disciplinary proceedings. Rule 16(c), RLPR. Moreover, this court may temporarily suspend an attorney if we conclude after a hearing that the lawyer's continued practice of law "poses a substantial threat of serious harm to the public." Rule 16(d), RLPR. Wheat has failed to respond to the petition for temporary suspension or to the director's allegations that his misconduct has harmed his clients. We conclude that Wheat's continued practice of law poses a substantial threat of serious harm to the public. Therefore, this court now orders:

1. That, under Rule 16 of the Rules on Lawyers Professional Responsibility, respondent Donald A. Wheat is temporarily suspended from the practice of law pending final determination of these disciplinary proceedings.

2. That respondent shall, within 10 days of this order, notify each of his clients of his inability to continue representation of the client and shall comply fully with all other provisions of Rule 26, Rules on Lawyers Professional Responsibility.

So ordered.

KEITH, C.J., took no part in the consideration or decision of this case.